1  ALEX G. TSE (CABN 152348)
   United States Attorney

2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CABN 226995)
   Assistant United States Attorney

5

6     450 Golden Gate Avenue, 9th floor
      San Francisco, California 94102
      Telephone: 415-436-7303

7     FAX: 415-436-6748
      david.countryman@usdoj.gov

8

9  Attorneys for United States of America

   UNITED STATES DISTRICT COURT

10

   NORTHERN DISTRICT OF CALIFORNIA

11

   SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,        ) CASE NO. CR 17-0340 WHA
   |                                  )
14 |         Plaintiff,                ) APPLICATION OF THE UNITED STATES
   |                                  ) FOR A PRELIMINARY ORDER OF
15 |     v.                            ) FORFEITURE
   |                                  )
16 | ROOZBECH IRAVANI,                 )
   |                                  )
17 |         Defendant.                )
   |_____)

18         The United States of America, by and through the undersigned Assistant United States

19 Attorney, respectfully submit this Application of the United States for Issuance of a Preliminary Order

20 of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

21         On June 20, 2017, defendant Roozbech Iravani was charged by an Indictment with violations of

22 Title 18, United States Code, Section 2252(a)(4)(B) (Possession of Child Pornography). The Indictment

23 also sought criminal forfeiture, pursuant to Title 18, United States Code, Section 2253 and Title 21,

24 United States Code, Section 853(p) (Criminal Forfeiture) of the following property, including but not

25 limited to:

26     • Dell Inspiron 7720 laptop computer, service tag: 3542FT1;

27     • Toshiba MQ01AB100 1TB hard drive, serial no. Y3HKSAM9S.

28

APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE
CR 17-0340 WHA                                    1

On February 20, 2018, defendant pled guilty to Count One of the Indictment, namely, Possession of Child Pornography in violation of Title 18, United States Code, Section 2252(a)(4), and agreed to forfeit, to the United States, the following property:

- Dell Inspiron 7720 laptop computer, service tag: 3542FT1;
- Toshiba MQ01AB100 1TB hard drive, serial no. Y3HKSAM9S.

(hereinafter "subject property").

Defendant further admitted that the subject property facilitated the crime and thus is forfeitable to the United States pursuant to the provisions of Title 18, United States Code, Section 2253 and the procedures outlined in Rule 32.2. of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any

APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE
CR 17-0340 WHA                                                   2

discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

Rule 32.2(b)(4) further provides that at sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Pursuant to the defendant's plea agreement, the United States has established the requisite nexus between the subject property and the offense to which the defendant admitted. Accordingly, that property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2253 and the procedures outlined in Rule 32.2. of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United States Code, Section 853(n), and Rule G(4)(a)(iv) of the Supplemental Rules for admiralty or Maritime Claims and Asset Forfeiture Actions, the United States will publish on www.forfeiture.gov, a government website for at least thirty days, notice of this Order, notice of its intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on David B. Countryman, Assistant United States Attorney, 450 Golden Gate Ave., Box 36055, San Francisco, CA 94102, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

1   WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order
2   of Forfeiture which provides for the following:
3       a.   authorizes the forfeiture of the subject property to the United States;
4       b.   directs the United States, through its appropriate agency, to seize the forfeited property
5   forthwith;
6       c.   authorizes the government to conduct discovery in order to identify, locate or dispose of
7   property subject to forfeiture in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal
8   Procedure;
9       d.   directs the United States to publish on a government website for at least thirty days,
10  notice of this Order, notice of the government's intent to dispose of the property in such manner as the
11  Attorney General may direct and provide notice that any person, other than the defendants, having or
12  claiming a legal interest in the subject property must file a petition with the Court and serve a copy on
13  government counsel within thirty (30) days of the final publication of notice or of receipt of actual
14  notice, whichever is earlier; and
15      e.   the Court to retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend
16  it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: 1\|25\|18

Respectfully submitted,

ALEX G. TSE
United States Attorney

DAVID B. COUNTRYMAN
Assistant United States Attorney